Manuela Mejías, demandante y apelante, *v.* Felipe López, haciendo negocios bajo el nombre de Méndez, López & Co., Sucrs., y Borinquen Furniture Company, demandados y apelados.

Núm. 7137.—*Sometido:* Febrero 18, 1937. *Resuelto:* Febrero 24, 1937.

*Diego E. Ramos,* abogado de la apelante; *R. Padró Parés,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Manuela Mejías radicó una demanda en la Corte de Distrito de Arecibo contra Felipe López, haciendo negocios bajo el nombre de Méndez, López & Co., Sucesores, y Borinquen Furniture Company en reclamación de daños y perjuicios.

Alegó, en resumen, que el 13 de marzo, 1934, ambas partes celebraron un contrato de venta condicional de un radio, por precio de sesenta dólares, pagaderos diez inicialmente y el resto a razón de cinco dólares mensuales; que la demandada entregó a la demandante el radio llegando la demandante a pagarle treinta y cuatro dólares.

Sigue la demanda alegando textualmente:

"6. Que no obstante esto, la antedicha sociedad mercantil, por medio de uno de sus agentes, el día 7 de diciembre de 1934 penetró en la morada y residencia de la demandante ubicada en el sitio denominado 'Buenos Aires' de la ciudad de Arecibo, Puerto Rico, y allí y entonces, y de un modo violento, y ante numeroso público que se aglomeró con motivo de la actitud del agente de la antedicha mercantil, se apoderó y sacó de dicha residencia y morada de la demandante el referido aparato de radio, llevándoselo consigo contra la voluntad y consentimiento de esta demandante, quien, desde aquel momento cayó en un estado de inquietud, angustia mental y postración nerviosa, ocasionado dicho estado exclusivamente por la actuación de dicho agente de la repetida mercantil.

"7. Que dicha sociedad mercantil al así autorizar, ordenar y hacer que su indicado agente invadiera ilegalmente la morada de la actora, sacando allí y entonces y delante de todo el público el citado aparato de radio de una manera abusiva, y el haber realizado dicho agente, de acuerdo con las instrucciones de la referida mercantil, tal acto violento, ha causado a la demandante daños que estima en la suma de $3,000, consistentes en el descrédito de que así se ha hecho objeto a la propia actora ante sus vecinos y el público en general, y por razón de que tales actos negligentes y violentos por parte de la aquí demandada sociedad mercantil a través de su citado agente ha causado a la demandante el antedicho estado nervioso, de angustia mental y postración física, se ha llegado al extremo de requerir la intervención médica."

Contestó la parte demandada. Negó todos los hechos alegados en la demanda con excepción de que Felipe López sea mayor de edad y residente de Puerto Rico, y estableció las siguientes "defensas especiales":

"(*a*) Que la demanda no aduce hechos suficientes para determinar una causa de acción. Artículo 105 del Código de Enjuiciamiento Civil, inciso sexto.

"(*b*) Que en el supuesto de que alguna persona hubiera penetrado en la morada o residencia de la demandante Manuela Mejías y se apoderara de un radio que estaba en su posesión, dicha persona lo hizo por su sola iniciativa, sin autoridad ni facultad concedídale por el demandado y que dicha supuesta persona (ignorada por el demandado, pues la demandante no se la menciona en la demanda) al actuar en la hipotética forma que relaciona la actora, lo hizo sin orden expresa o tácita del demandado, sin que fuera agente o representante ni dependiente de éste, actuando dentro de los deberes de su cargo."

Llamado el caso para juicio, las partes discutieron primeramente la excepción previa y considerándola de suficiente importancia la corte acordó tomarla bajo consideración y no seguir adelante hasta resolverla como lo hizo en efecto declarándola con lugar. Estimó la corte además que la demanda no era susceptible de enmienda y dictó sentencia de conformidad. Contra esa sentencia fué que se interpuso por la demandante el presente recurso de apelación, cuya vista

se celebró el 18 de febrero actual sin la concurrencia de las partes y sin que la parte demandada y apelada archivara su alegato, no osbtante haber presentado el suyo la parte apelante desde septiembre 13, 1935, y haberse señalado la vista del recurso desde diciembre 18, 1936.

▮▮▮ Los motivos que tuvo la corte para declarar la demanda sin lugar, fueron:

"1. Alegándose en la demanda que la actora adquirió el aparato de radio por medio de un contrato de venta condicional, no se expone si al tiempo de ser recuperado por la demandada el aparato, estaba al día en los pagos o había dejado de satisfacer alguna de las mesadas, siendo el retraso fundamento bastante en todo contrato de venta condicional para que el vendedor recupere los objetos vendidos. Y si no se ha expresado tal condición no puede reclamarse daños y perjuicios, ya que para que hubiese surgido alguna obligación por parte de las demandadas por el acto de despojo a la demandante del aparato por ella adquirido, debe alegarse antes que la actora venía pagando puntualmente los plazos acordados y que a pesar de ello fué desposeída del instrumento.

"2. Porque no se alega en la demanda el nombre de la persona que se presentara en la residencia de la demandante a hacerse cargo del aparato de radio, cuya alegación es esencial a fin de determinar de las propias alegaciones si esta persona era o no agente de las demandadas o empleado de las mismas, ya que muy bien pudo haberse personado cualquier individuo so color de ser agente de la demandada sin ostentar tal carácter y en esas circunstancias, haber sido la demandante víctima de un timo.

"3. Porque no se alega en la demanda, según se requiere para esta clase de acciones, que el agente de las demandadas obrase, el día que despojó a la demandante de su aparato de radio, como tal empleado de las demandadas y dentro de las atribuciones de su empleo. Esta alegación es esencialísima ya que se ha decidido en innúmeras ocasiones que cuando un empleado actúa fuera de la órbita de sus deberes para con su principal, éste no es responsable de aquellos actos dañosos ejecutados por el agente. En el caso que nos ocupa se alega simplemente haberse personado en la residencia de la actora un agente de las demandadas y ni siquiera se alega que actuara por instrucciones de dichas demandadas.

"4. Porque de acuerdo con las alegaciones de esta acción y de la faz de las mismas surge que la acción que se debía incoar es una

por incumplimiento de contrato, o sea *ex contractu* y sin embargo se ejercita en este caso una acción *ex delicto*. Si la actora concertó con las demandadas la compra de un aparato de radio mediante ciertos pagos mensuales y las demandadas, dejando de cumplir lo convenido y a pesar de pagar puntualmente la actora sus mesadas, se llevó el aparato, ello daría margen a una acción por incumplimiento de contrato y daños y perjuicios, jamás a una de daños y perjuicios por acción u omisión de acuerdo con las disposiciones del artículo 1803 del Código Civil vigente, según pretende la demandante.''

En su alegato la apelante sostiene que ella no ha reclamado basándose en el contrato de venta condicional sino en los actos torticeros realizados por el demandado a través de su agente y por lo tanto que erró la corte fundamentalmente al declarar su demanda sin lugar. Explica que si se refirió al contrato fué para presentar con mayor claridad y amplitud los hechos ocurridos, pero no para invocar su falta de cumplimiento por parte del demandado.

Siendo ello así, no creemos que tenga importancia decisiva el hecho de si la demandante estaba o no al día en el pago de las mensualidades y por tanto que no tenía necesidad de alegarlo.

Tampoco creemos que la falta de especificación del nombre del agente montara a falta de hechos determinantes de una causa de acción, y en cuanto a que no se alegara en la demanda que el agente obrara el día que despojó del radio a la demandante como tal agente, dentro de las atribuciones de su empleo, creemos que es bastante lo consignado en los hechos sexto y séptimo sobre el particular.

La demanda no es un modelo de perfección como la misma demandante apelante en su alegato expresa y podría perfeccionarse mucho si se enmendara después de haberse sometido a la depuración porque ha pasado, pero a nuestro juicio contiene hechos suficientes para establecer una causa de acción, ya que en ella se alega que se causó un daño positivo a la demandante, en qué consiste ese daño, cuándo, dónde, por quién y de qué manera fué causado, y su cuantía, surgiendo

de las alegaciones la responsabilidad del demandado por los actos de su agente.

■ El fundamento de la acción ejercitada consiste en el acto culpable que se atribuye a la parte demandada al penetrar a la fuerza en el hogar de la demandante y realizar allí los actos que se le imputan que causaron a la demandante la inquietud, angustia moral y postración nerviosa valuadas por ella en tres mil dólares.

A veces se hace difícil distinguir entre acciones *ex contractu* y acciones *ex delicto,* pero, en líneas generales ha quedado bien establecido que las primeras se basan en el. quebrantamiento de un deber que surge de un contrato expreso o implícito y las segundas se fundan en el quebrantamiento de un deber impuesto por la ley que ordinariamente surge a virtud de algún acto negligente o culpable sin referencia a contrato alguno celebrado entre las partes, pero que puede surgir lo mismo independientemente de cualquier contrato que con ocasión de ciertas relaciones contractuales, como se alega que surgió en el caso concreto que estamos considerando.

Si la demandante no cumplió el contrato que celebrara con la demandada, ésta tenía en la propia ley sobre ventas condicionales un remedio adecuado. La sección 40 de esa ley da al vendedor condicional el medio legal para recuperar la cosa vendida. Pero la falta de cumplimiento no la autorizaba a tomarse la justicia por su mano, a violar el hogar de la demandante que estaba obligada a respetar de acuerdo con la ley y a apoderarse de la cosa vendida en la forma violenta, ostensible y desconsiderada que se alega en la demanda, causando a la demandante con su actuación culpable el daño que se especifica.

El que por acción u omisión causa daño a otra interviniendo culpa o negligencia, está obligado a reparar el daño causado, ordena el artículo 1802 del Código Civil, ed. 1930, siendo exigible esa obligación, según el artículo siguiente, 1803, del propio cuerpo legal, no sólo por los actos u omi-

siones propios, sino por los de aquellas personas de quienes se debe responder.

*Debe revocarse la sentencia recurrida y declararse la excepción sin lugar, continuando la tramitación del pleito de acuerdo con la ley.*