Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br>SHEILA MICHELLE MEJÍA LUCIANO<br><br>Peticionaria | TA2025CE00663 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR202400625<br><br>Sobre: Art. 274 del Código Penal de Puerto Rico |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 2 de diciembre de 2025.

El 22 de octubre de 2025, compareció ante este Tribunal de Apelaciones la señora Sheila Mejía Luciano (en adelante, señora Mejía Luciano o parte peticionaria) por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida el 22 de septiembre de 2025 y notificada el 23 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala de Mayagüez. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción en Solicitud de Reconsideración* instada por la parte peticionaria en cuanto al planteamiento de inconstitucionalidad.

Por los motivos que se exponen a continuación, se *expide* el recurso de *certiorari* y se *confirma* el dictamen recurrido.

### I

En primer lugar, nos compete destacar que, la señora Mejía Luciano únicamente acompañó a su recurso una *Denuncia* con fecha de 12 de julio de 2023, sin incluir documentos relevantes a su petición de *certiorari*. Sin embargo, mediante *Resolución* emitida el

24 de octubre de 2025, le concedimos a la parte peticionaria hasta el jueves 30 de octubre para presentar copia de la determinación de la cual recurría y los apéndices del recurso de epígrafe. Posteriormente, la parte peticionaria presentó *Moci[ó]n en Cumplimiento de Orden*, junto a la cual anejó la *Resolución* de la cual recurre y otros documentos relevantes. Aclarado esto, procedemos a esbozar el tracto procesal del caso de epígrafe.

Los hechos que propiciaron el recurso ante nos, se remiten a tres (3) denuncias presentadas por el Ministerio Público en contra de la señora Mejía Luciano. En las aludidas denuncias, se le imputó haber infringido los artículos 274, 284 y 246 (menos grave) del Código Penal de Puerto Rico. Más adelante, el 20 de julio de 2023, fue celebrada la vista de causa para arresto conforme a la Regla 6 de las Reglas de Procedimiento Criminal, y se determinó causa para arresto por los delitos imputados.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, se celebró la Vista Preliminar, en el cual el foro *a quo* determinó causa probable para acusar. Consecuentemente, el 24 de mayo de 2024, el Ministerio Público presentó la acusación en contra de la señora Mejía Luciano, por infracción al Artículo 274 del Código Penal de Puerto Rico[1].

Posteriormente, la parte peticionaria presentó *Moción en Solicitud de Desestimación y que se Determine la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico*. En la aludida moción, la parte peticionaria argumentó que, el Artículo 274 – Justicia por sí mismo, del Código Penal de Puerto Rico, era inconstitucional ya que, adolecía de vaguedad y era contrario al principio de legalidad plasmado en dicho Código. En particular, arguyó que, la frase "hacer justicia por sí mismo", era un concepto

---

[1] 33 LPRA Sec. 5367.

sumamente amplio.  Por tanto, solicitó al foro de primera instancia que desestimara el cargo en cuanto a dicho delito.

En respuesta, el Ministerio Público presentó *Oposición a Moción Solicitando Desestimación y la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico.*

El 12 de agosto de 2025, el foro primario emitió *Resolución.* Concluyó que, al analizar el Art. 274 del Código Penal, *supra,* surgía de su faz que, este no adolece de vaguedad ni contraviene las exigencias del debido proceso de ley.  Añadió que, estaba convencido de que dicho artículo satisface el principio de legalidad, ya que una persona común y corriente que carezca de conocimientos legales puede comprender razonablemente el significado de "hacer justicia por sí mismo". Por tanto, declaró No Ha Lugar la *Moción en Solicitud de Reconsideración* instada por la parte peticionaria en cuanto al planteamiento de inconstitucionalidad.

En desacuerdo, la parte peticionaria presentó *Moción en Solicitud de Reconsideración.* Mientras que, por otra parte, el Ministerio Público presentó *Oposición a Moción de Reconsideraci[ó]n.*

Finalmente, el 22 de septiembre de 2025, el Tribunal de Primera Instancia emitió *Resolución* donde declaró No Ha Lugar la solicitud de reconsideración presentada por la señora Mejía Luciano.

Aún inconforme, el 22 de octubre de 2025, la parte peticionaria presentó ante este foro revisor el recurso de *certiorari* que nos ocupa.  En el mismo, esgrimió el siguiente señalamiento de error:

> Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Mayagüez (Hon. Richard Rosado Jiménez, Juez), al determinar que el Artículo 274 del Código Penal de Puerto Rico no es inconstitucional, a pesar de que es una disposición de la ley penal que adolece de vaguedad y se presta a la aplicación arbitraria de la ley, por lo que resulta en una contraria al debido proceso de ley.

El 4 de noviembre de 2025, el Ministerio Público presentó ante este foro revisor, *Escrito en Cumplimiento de Orden y Solicitud de Desestimación.*

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[3], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de

---

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Debido Proceso de Ley

La Constitución del Estado Libre Asociado reconoce como derecho fundamental del ser humano el derecho a la vida, la libertad y el disfrute de la propiedad. Const. De PR, Art. II, Sec. 7, LPRA, Tomo I. También dispone que, previo a interferir con los intereses propietarios o libertarios de un ciudadano, el Estado debe cumplir con las exigencias del debido proceso de ley. *Garriga Villanueva v. Municipio de San Juan*, 176 DPR 182, 196 (2009); *Katiria's Café v. Mun. de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Similar reconocimiento, sobre la existencia del debido proceso de ley, se encuentra en la Enmienda V y XIV de la Constitución de Estados Unidos. *Hernández v. Secretario*, 164 DPR 390, 394 (2005).

El debido proceso de ley "se refiere al derecho de toda persona a tener un proceso justo con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Aut. Puertos v. HEO,* 186 DPR 417, 428 (2012). El concepto del debido proceso de ley tiene dos vertientes: la sustantiva, que se refiere a la validez de las leyes que implementa el Estado en cuanto a su protección de los derechos de los ciudadanos, y la procesal, que se enfoca en garantizar un proceso justo y equitativo ante acciones estatales que interfieran con intereses privados. *PVH Motors v. ASG,* 209 DPR 122, 130 (2022); *Garriga Villanueva v. Municipio de San Juan,* supra, a la pág. 196; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018); *Domínguez Castro v. ELA*, 178 DPR 1, 35 (2010).

Por su parte, el Tribunal Supremo de Puerto Rico ha señalado reiteradamente que el debido proceso de ley no es un molde riguroso que se da en el abstracto, pues su naturaleza es circunstancial y pragmática. Así, cada caso debe evaluarse a la luz de sus circunstancias particulares. *San Gerónimo Caribe Project v. A.R.P.E.*, 174 DPR 640, 662 (2008).

## C. *Principio de Legalidad y Doctrina de Vaguedad*

Según es sabido, una persona puede ser castigada criminalmente, cuando al momento de llevar a cabo el acto delictivo ha contado con un aviso adecuado sobre la conducta prohibida y la pena que conlleva. El propósito de esto es liminar la facultad punitiva del Estado para que esta no sea ejercida arbitrariamente. El conjunto de garantía dirigidas a tal fin se le conoce como el principio de legalidad. *Pueblo v. Reyes Carrillo*, 207 DPR 1056, 1064 (2021). El principio de legalidad encuentra su génesis en el Artículo 2 del Código Penal de Puerto Rico. En particular, el referido artículo dispone lo siguiente:

**Artículo 2. – Principio de legalidad.**

No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos.

No se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad.[5]

En esa misma línea, el Máximo Foro ha detallado que, "[l]a doctrina de vaguedad es un corolario del debido proceso de ley que prohíbe la aplicación contra una persona de una ley o un reglamento cuyos términos no revelen clara y adecuadamente cuál es la conducta prohibida". *Pueblo v. APS Healthcare of P.R.*, 175, DPR 368, 377-378 (2009); *Pueblo v. García Colón I*, 182 DPR 129, 202 (2011). Dicha doctrina aplica particularmente al evaluar estatutos

---

[5] 33 LPRA sec. 5002.

penales. *Íd.*; *Pueblo v. APS Healthcare of P.R.*, supra, pág. 378. De acuerdo ha establecido nuestro Tribunal Supremo, una ley adolece de vaguedad cuando: "(1) una persona de inteligencia promedio no queda debidamente advertida del acto u omisión que el estatuto pretende prohibir y penalizar; (2) se presta a la aplicación arbitraria y discriminatoria, y (3) interfiere con el ejercicio de derechos fundamentales garantizados por la Constitución". *Íd.*; *Pueblo v. García Colón I,* supra, pág. 202. Es decir, una persona de inteligencia ordinaria debe poder entender razonablemente la conducta prohibida. *Pueblo v. Reyes Carrillo,* supra, pág. 1065. Por tanto, no se formaliza el principio de legalidad si para conocer lo que está prohibido es necesario que la persona realice un esfuerzo hermenéutico atribuible a los juristas. *Íd.* Sin embargo, la claridad que deben ostentar las leyes penales sobre los elementos constitutivos de delito, no equivale a que estén exentas de interpretación judicial. Pues, todas las leyes, aún las más claras requieren interpretación. *Pueblo v. APS Healthcare of P.R.*, supra, pág. 378. El Tribunal Supremo ha expresado que el principio de legalidad:

> [...] no implica que cada hecho constitutivo de delito deba desprenderse de una simple lectura de la ley, ya que todas las leyes, incluyendo las de índole penal, están sujetas a interpretación. Conforme a ello, ante una duda de qué es lo que constituye delito según determinada disposición penal, el tribunal debe aplicar los principios de hermenéutica correspondientes, lo cual podría resultar en alcanzar una interpretación restrictiva o extensiva del delito.[6]

En tal sentido, al momento de interpretar las leyes, los tribunales darán a toda ley penal la interpretación que mejor responda a los propósitos que esta persigue. Art. 13 del Código Penal de Puerto Rico; *Pueblo v. Reyes Carrillo*, supra, págs. 1065-1066. Las leyes penales deberán "ser analizadas en consonancia

---

[6] *Pueblo v. Reyes Carrillo*, supra, citando a *Pueblo v. Negrón Nazario,* 191 DPR 720, 739 (2014).

con el propósito social que las inspira, y en sintonía con la realidad y el problema humano que persiguen resolver". *Íd.* citando a *Pueblo v. Roche*, 195 DPR 791, 804 (2016). Es por lo que, se interpretará la ley "como un ente armónico, dándole sentido lógico a sus diferentes disposiciones y supliendo las posibles deficiencias cuando sea necesario. *Pueblo v. Reyes Carrillo*, supra, pág. 1066, citando a *Pueblo v. Ruíz*, 159 DPR 194, 210 (2003).

Cabe destacar que, la doctrina de vaguedad en ninguna forma implica que los estatutos penales deban ser redactados de tal manera que no necesiten interpretación judicial. En efecto, un ataque constitucional a una ley de acuerdo a la doctrina de vaguedad implica que, se ha llevado a cabo un análisis adecuado del texto de la ley al amparo del significado jurídico de las palabras, utilizando precedentes judiciales que hubiesen interpretado dicho texto y que, aún luego de tal análisis, una persona de inteligencia promedio no queda debidamente advertida de la conducta proscrita, el estatuto infringe derechos fundamentales o se presta a la aplicación arbitraria y discriminatoria por no ofrecer guías adecuadas. *Pueblo v. APS Healthcare of P.R.*, supra, pág. 378; *Pueblo v. García Colón I*, supra, pág. 202.

Con el fin de satisfacer el principio de legalidad, al analizar la aplicación de un delito a unos hechos, los tribunales no podrán rebasar los contornos razonables de interpretación. *Pueblo v. Reyes Carrillo*, supra, pág. 1066, citando a S. Mir Puig, *Derecho penal: parte general*, 10ma ed., Barcelona, Ed. Reppertor, 2016, pág. 125. Por ello, al interpretar un estatuto penal deben ser cuidadosos respecto a penalizar un "'hecho no tipificado como delito por su semejanza con uno tipificado como tal; o admitir un agravante o una gradación específica no enumerada, basándose en sus semejanzas con una enumerada; o imponer una pena no contemplada por la ley por su analogía con una prevista en la ley'". *Pueblo v. Reyes Carrillo*,

supra, pág. 1066, *Pueblo v. Figueroa Pomales*, 172 DPR 403, 415 (2007), citando a D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, Hato Rey, Inst. Desarrollo del Derecho, 1983, pág. 63. En virtud de la garantía de que por medio de la interpretación judicial no se crearán delitos por analogía, pretende asegurar que no se supla la voluntad del legislador cuando no la hay. *Pueblo v. Reyes Carrillo,* supra, pág. 1066. En las instancias en que, posterior al ejercicio hermenéutico del tribunal aún persista duda sobre a aplicabilidad de un delito a unos hechos, la ley deberá interpretarse restrictivamente respecto a lo que desfavorezca al imputado de delito y liberalmente respecto a lo que le favorezca. *Íd.* págs. 1066-1067.

Si posterior a la apreciación judicial se determina que la conducta está comprendida dentro de la descripción literal del texto legal, entonces, fue constituido el delito. Si al contrario, posterior a la apreciación judicial se determina que la conducta no se encuentra comprendida dentro de la descripción literal del texto legal, entonces el principio de legalidad requiere que la controversia se resuelva a favor del imputado.

### D. Art. 274 – *Justicia por sí mismo*

El Código Penal de Puerto Rico codifica el delito de Justicia por sí mismo. Sobre este particular, el Artículo 274 dispone lo siguiente:

> **Artículo 274. – Justicia por sí mismo**
>
> Toda persona que con el propósito de ejercer un derecho existente o pretendido, haga justicia por sí misma en lugar de recurrir a la autoridad pública, incurrirá en delito menos grave.
>
> Si comete el delito mediante violencia o intimidación en las personas o fuerza en las cosas, será sancionada con pena de reclusión por un término fijo de tres (3) años.[7]

A lo largo de los años, el Tribunal Supremo se ha expresado en contra de que los ciudadanos se adjudiquen el tomar la justicia por sus manos. Es decir, ha exhortado a que, la persona perjudicada

---

[7] 31 LPRA sec. 5367.

por cualquier acto cometido por un tercero, acuda a los medios correspondientes con el propósito de que se haga justicia. De igual manera, ha sido enfático en que, las personas no están autorizadas a tomarse la justicia por su mano, sin importar las circunstancias. Véase *Mejías v. López*, 51 DPR 21 (1937); *Vélez Cuebas v. Cancel*, 88 DPR 220 (1963). La más Alta Curia también ha dispuesto que, "[l]a ley no reconoce a ningún ciudadano el derecho a hacerse justicia por sí mismo.". *Pueblo v. Ortiz*, 59 DPR 55 (1941). A lo anterior, añadió que, "[e]l impulso irresistible que lleva a una persona a cometer un acto de violencia contra quien ofendió o causó la muerte a un ser querido, puede y tal vez debe ser considerado por el juzgador como un atenuante, pero nunca como una circunstancia eximente del delito". *Íd.*

En lo pertinente a la frase *"hacerse justicia por sí mismo"*, en lugar de recurrir a la autoridad pública, estatuida por el precitado Artículo 274, la profesora Dora Nevárez Muñiz señala que:

> En tanto una de las premisas básicas del Estado es que este tiene la autoridad jurisdiccional para impartir y administrar justicia, la misma no puede dejarse en manos privadas. Existe un interés público en impedir que los ciudadanos utilicen violencia para hacerse justicia según ellos la ven, además de que es un fin del Estado mantener la paz pública. Aquella persona que desee que se haga justicia, deberá hacerlo a través de los organismos jurisdiccionales competentes y de las formas legales contempladas.[8]

> Los elementos del tipo consisten en ejercer un derecho existente o pretendido, en circunstancias en que debió haberse recurrido a la autoridad pública para hacer valer tal derecho. Si se utiliza, además, intimidación o violencia en las personas o fuerza en las cosas, el delito es grave.[9]

La profesora Nevárez puntualiza que, "[e]l que la persona en realidad tenga el derecho que hacer valer por sus propias manos, no es defensa a este delito, por cuanto la forma reconocida en nuestro

---

[8] D. Nevares Muñiz, Código Penal de Puerto Rico Comentado, 4ta ed. rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2019, pág. 424.
[9] *Id.*

ordenamiento jurídico de hacer valer un derecho es a través de los organismos creados para ello por el Estado.[10]

Esbozada la normativa jurídica, procedemos a disponer del recurso ante nuestra consideración.

### III

En su único señalamiento de error, la parte peticionaria sostiene que, el foro *a quo* incidió al determinar que el Artículo 274 del Código Penal, *supra*, no es inconstitucional, a pesar de ser una disposición de la ley penal que adolece de vaguedad y se presta a la aplicación arbitraria de la ley, por lo que resulta contrario al debido proceso de ley. Adelantamos que, no le asiste la razón. Veamos.

Tal y como reseñamos previamente, el Artículo 274 del Código Penal, *supra*, dispone lo siguiente:

**Artículo 274. – Justicia por sí mismo**

Toda persona que con el propósito de ejercer un derecho existente o pretendido, haga justicia por sí misma en lugar de recurrir a la autoridad pública, incurrirá en delito menos grave.

Si comete el delito mediante violencia o intimidación en las personas o fuerza en las cosas, será sancionada con pena de reclusión por un término fijo de tres (3) años.[11]

Desde tiempos inmemoriales, nuestro Tribunal Supremo se ha referido a la conducta proscrita por el precitado estatuto, como la odiosa práctica de tomarse la justicia en sus manos, aunque se pueda hacer sin emplear violencia, ni fuerza y sin provocar una alteración a la paz. *Cuebas v. Cancel*, 88 DPR 220 (1963).

La más Alta Curia también ha dispuesto que, "[l]a ley no reconoce a ningún ciudadano el derecho a hacerse justicia por sí mismo." *Pueblo v. Ortiz*, 59 DPR 55 (1941). A lo anterior, añadió que, "[e]l impulso irresistible que lleva a una persona a cometer un acto de violencia contra quien ofendió o causó la muerte a un ser

---

[10] *Íd*, págs. 424-425.
[11] 31 LPRA sec. 5367.

querido, puede y tal vez debe ser considerado por el juzgador como un atenuante, pero nunca como una circunstancia eximente del delito". *Íd.*

A los fines de determinar si, tal y como nos plantea la parte peticionaria, el Artículo 274, *supra,* adolece de vaguedad, debemos considerar si: "(1) una persona de inteligencia promedio no queda debidamente advertida del acto u omisión que el estatuto pretende prohibir y penalizar; (2) se presta a la aplicación arbitraria y discriminatoria, y (3) interfiere con el ejercicio de derechos fundamentales garantizados por la Constitución". *Íd.*; *Pueblo v. García Colón I,* supra, pág. 202. Es decir, una persona de inteligencia ordinaria debe poder entender razonablemente la conducta prohibida. *Pueblo v. Reyes Carrillo,* supra, pág. 1065.

Al amparo del derecho previamente expuesto, resulta forzoso concluir que, el Art. 274 del Código Penal, *supra,* no adolece de vaguedad. El mismo establece de forma adecuada cuál es la conducta prohibida. Luego de una interpretación razonable de la disposición en controversia se puede determinar que, en efecto, advierte debidamente sobre la conducta proscrita. Es decir, advierte que, tomar justicia por sí mismo, en vez de acudir a una autoridad adecuada, constituye un delito.

Cabe destacar que, según expuesto por nuestro Máximo Foro, el hecho de que una disposición requiera interpretación no significa que es vaga, ya que, "no debe caerse en la superficialidad de creer que una ley penal es nula por defecto de vaguedad debido a que requiera interpretación".[12]  Recordemos que, al momento de interpretar la ley es necesario tomar en cuenta los fines que ésta persigue y la política pública que la inspira, considerando las consecuencias que conlleva tal interpretación.[13]

---

[12] *Pueblo v. APS Healthcare of P.R.*, supra, pág. 388.
[13] *Íd.*

En fin, al analizar dicho estatuto, podemos concluir que, no se viola el principio de legalidad implementado en nuestro ordenamiento jurídico. Asimismo, colegimos que, el artículo en controversia no da paso a una aplicación arbitraria ni discriminatoria.

**IV**

Por los fundamentos expuestos, se *expide* el recurso de *Certiorari* y se *confirma* el dictamen recurrido.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones