Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JUAN E. RODRÍGUEZ GONZÁLEZ<br><br>Peticionario | TA2025CE00650 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR202400628<br><br>Sobre: Art. 274 Código Penal |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 2 de diciembre de 2025.

Comparece ante nos Juan E. Rodríguez González ("señor Rodríguez" o "Peticionario") mediante *Petición de Certiorari* presentada el 20 de octubre de 2025. Nos solicita la revocación de la *Resolución* emitida el 12 de agosto de 2025 y notificada el 14 de agosto del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de desestimación interpuesta por la señora Iona Fournier Gómez, a la cual, se unió el Peticionario. En esta, peticionaron la inconstitucionalidad del Artículo 274 de la Ley Núm. 146 de 30 julio de 2012, según enmendada conocida como *Código Penal de Puerto Rico*, 33 LPRA sec. 5367 ("Código Penal").

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *certiorari* presentado y **confirmamos** la determinación recurrida.

# I.

Conforme se desprende del expediente, por hechos ocurridos el 9 de julio de 2023, el Ministerio Público presentó *Acusación* contra el señor Rodríguez por violación al Artículo 274 del Código Penal, *supra*, sobre el delito de la tomar la justicia por sí mismo. La aludida *Acusación* dispone lo siguiente:

> El referido acusado, JUAN E. RODRÍGUEZ GONZÁLEZ, allá en o para el día 9 de julio de 2023, y en Lajas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de Mayagüez, ilegal, voluntaria, criminalmente, en común y mutuo acuerdo con: PEDRO AMENGUAL GUTIÉRREZ, IMALAY ARROYO SURITA, FRANCHESKA VÉLEZ RAMÍREZ, SHEILA MEJÍA LUCIANO, IONA FOURNIER GÓMEZ Y OTRAS PERSONAS NO IDENTIFICADAS y con el propósito de ejercer un derecho pretendido tomaron la justicia por sí mismos, en lugar de recurrir a la autoridad pública pertinente. Consistente en que alegando que los manglares pertenecen al pueblo y que la caseta ubicada en el solar número 27 de la Parguera en Lajas, PR es ilegal, se personaron allí y mediante violencia e intimidación sobre las personas y autoridad p[ú]blica y utilizando la fuerza, desmantelaron y cometieron daños a la propiedad.[1]

Posteriormente, el 27 de junio de 2024, la señora Iona Fournier Gómez ("señora Fournier") presentó *Moción en Solicitud de Desestimación y que se Determine la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico.*[2] Por virtud de ésta, esgrimió que el Artículo 274 del Código Penal, *supra*, "no delimita de forma alguna la actividad ilegal, y que una persona promedio no podría entender exactamente cuáles son las cosas que no pueden hacer".[3] Argumentó que la aludida disposición es vaga e infringe el debido proceso de ley, pues una persona de inteligencia ordinaria no puede conocer la actuación que está impedida de hacer. Ante este escenario, solicitó que se determine que el Artículo 274 del Código Penal, *supra*, se declare inconstitucional por vaguedad. Cabe aclarar que el 30 de agosto de 2024, el Peticionario presentó *Moción Informativa Solicitando Unirnos a la Moción en Solicitud de*

---

[1] Véase, SUMAC TA, Entrada 1, Apéndice 4.
[2] Véase, SUMAC TA, Entrada 1, Apéndice 5.
[3] Véase, SUMAC TA, Entrada 1, Apéndice 5, pág. 8.

*Desestimación y que se Determine la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico y en Consecuencia se Desestime el Presente Caso.*[4]

En respuesta, el 11 de septiembre de 2024, el Ministerio Público radicó *Oposición a Moción Solicitando Desestimación y la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico.*[5] En esencia, argumentó que "cualquier persona de inteligencia promedio sabe perfectamente que implica hacer justicia por sí misma".[6] Evaluados los escritos ante su consideración, el 12 de agosto de 2025, notificada el 14 de agosto del mismo año, el foro primario emitió *Resolución* en la que declaró *No Ha Lugar* la desestimación solicitada por la señora Fournier y el Peticionario.[7] Razonó el foro *a quo* que el estatuto en cuestión informa de manera adecuada la conducta prohibida.

Inconforme, el 29 de agosto de 2025, el Peticionario presentó *Moción en Solicitud de Reconsideración.*[8] Por virtud de este escrito, esbozó que el Artículo 274 del Código Penal, *supra*, no expone un hecho preciso prohibido por ley. Igualmente, arguyó que el aludido artículo penal se presta para que sea aplicado de forma arbitraria por las autoridades. Por su parte, el 19 de septiembre de 2025, el Ministerio Público presentó *Oposición a Moción de Reconsideración.*[9] Al amparo de este escrito, adujo que la solicitud de reconsideración interpuesta por el Peticionario no contenía fundamento adicional a los ya presentados anteriormente.

Así pues, el 22 de septiembre de 2025, notificada al día siguiente, el foro *a quo* declaró *No Ha Lugar* la moción de reconsideración instada por el Peticionario.[10]

---

[4] Véase, SUMAC TA, Entrada 1, Apéndice 6.
[5] Véase, SUMAC TA, Entrada 1, Apéndice 7.
[6] Véase, SUMAC TA, Entrada 1, Apéndice 7, pág. 6
[7] Véase, SUMAC TA, Entrada 1, Apéndice 8.
[8] Véase, SUMAC TA, Entrada 1, Apéndice 9.
[9] Véase, SUMAC TA, Entrada 1, Apéndice 10.
[10] Véase, SUMAC TA, Entrada 1, Apéndice 11.

Aún inconforme, el 20 de octubre de 2025, el señor Rodríguez presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> Erró en derecho el Honorable Tribunal de Primera Instancia Sala Superior de Mayag[ü]ez al no determinar la inconstitucionalidad del Art[í]culo 274 del C[ó]digo Penal de Puerto Rico por este adolecer de vaguedad y en violación al Artículo II Sección 7 de la Constitución de Puerto Rico y la Quinta Enmienda de la Constitución de Estados Unidos

El 23 de octubre de 2025, esta Curia le concedió hasta el 30 de octubre de 2025 a la parte Recurrida para que presentara su postura en cuanto al recurso presentado. Oportunamente, el 30 de octubre de 2025, compareció la Oficina del Procurador General de Puerto Rico en representación del Pueblo de Puerto Rico mediante *Escrito en Cumplimiento de Orden*. Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025),

señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

### B. Artículo 274 del Código Penal de Puerto Rico

El Artículo 274 del *Código Penal de Puerto Rico*, según enmendado, 33 LPRA sec. 5367 ("Código Penal") dispone lo siguiente:

> **Toda persona que con el propósito de ejercer un derecho existente o pretendido, haga justicia por sí misma en lugar de recurrir a la autoridad pública, incurrirá en delito menos grave.**
>
> Si comete el delito mediante violencia o intimidación en las personas o fuerza en las cosas, será sancionada con pena de reclusión por un término fijo de tres (3) años.

En sintonía con lo anterior, la profesora Dora Nevares-Muñiz explica que este delito parte de la premisa básica de que el Estado tiene la autoridad de administrar e impartir la justicia y dicha autoridad no puede delegarse a manos privadas. D. Nevares Muñiz, *Código Penal de Puerto Rico Comentado*, 4ta ed. rev., San Juan, Instituto para el Desarrollo del Derecho, 2019, pág. 424. Por tanto "[e]xiste un interés público en impedir que los

ciudadanos utilicen violencia para hacerse justicia según ellos la ven, además, de que es un fin del Estado mantener la paz pública". *Íd.*

Con lo anterior expuesto, la profesora Nevares-Muñiz expone, además, que los elementos de este delito consisten en ejercer un derecho existente en circunstancias en que debió haberse recurrido a una autoridad pública para hacer valer dicho derecho. *Íd.*

### C. *Principio de Legalidad y la Vaguedad en los Delitos*

En nuestro ordenamiento jurídico para que "una persona pueda ser castigada criminalmente, al momento de llevar a cabo el acto delictivo debe haber contado con un aviso adecuado sobre la conducta prohibida y la pena que conlleva". *Pueblo v. Reyes Carrillo*, 207 DPR 1056, 1064 (2021). Ello persigue el propósito de limitar la facultad punitiva del Estado de forma que esta no sea ejercida de manera arbitraria. *Íd.* Estas garantías forman parte del principio de legalidad. Este principio posee las siguientes garantías, las cuales están recogidas en el Código Penal, *supra*:

> No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos. *Íd.*, págs. 1064-1065, citando Artículo 2 del Código Penal de Puerto Rico.

Ahora bien, a tono con este principio, el Tribunal Supremo de Puerto Rico ha aclarado que dicha garantía "hace impermisible las leyes que padezcan de vaguedad en los elementos constitutivos de delito, una persona de inteligencia ordinaria debe poder entender razonablemente la conducta prohibida". *Íd.*, pág. 1065. Asimismo, las leyes penales que sufren de vaguedad también vulneran el debido proceso de ley. *Pueblo v. Hernández Colon*, 118 DPR 891, 901 (1987). Ello es así pues, "una ley penal que sufre del defecto de ser vaga o ambigua podría ser empleada para castigar al inocente, al no proveerle un aviso adecuado de cuál es la conducta que prohíbe" *Íd.*

De igual forma, nuestra más Alta Curia ha establecido que una ley sufre de vaguedad cuando:

> (1) una persona de inteligencia promedio no queda debidamente advertida del acto u omisión que el estatuto pretende prohibir y penalizar; (2) se presta a la aplicación arbitraria y discriminatoria, y (3) interfiere con el ejercicio de derechos fundamentales garantizados por la Constitución. *Pueblo v. APS Healthcare of P.R.*, 175 DPR 368, 378 (2009).

No obstante, la jurisprudencia ha establecido que la claridad que debe estar presente en las leyes penales sobre los elementos del delito, no equivale a que **estén exentas de interpretación judicial**. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 157 (2020).

**III.**

En el presente recurso, el Peticionario nos invita a que evaluemos la constitucionalidad del delito contenido en el Artículo 274 del Código Penal, *supra*. En concreto, alude que la precitada disposición sufre de vaguedad, por lo que violenta la cláusula que dispone el debido proceso de ley, tanto de la Constitución de Puerto Rico como de la Constitución de Estados Unidos. Por ello, el señor Rodríguez sostiene que el foro primario incidió al no decretar la inconstitucionalidad del aludido delito y, en consecuencia, desestimar la *Acusación* por violentar el mencionado Artículo que pesa en su contra. Veamos.

En su escrito, el Peticionario argumenta que el Artículo 274 del Código Penal, *supra*, contiene tres (3) elementos sustantivos: "(1) ejercer un derecho existente o pretendido; (2) hacer justicia por sí mismo, y (3) en lugar de recurrir a la autoridad pública".[11] Esgrime que ninguno de estos elementos está expresamente definido en el Código Penal, *supra*, y, por tanto, dicha disposición no informa de manera adecuada a una persona prudente y razonable cómo se definen los elementos previamente mencionados. Por consiguiente,

---

[11] Véase, SUMAC TA, Entrada 1, pág. 7.

razona el Peticionario, que este delito queda "a la aplicación arbitraria del Estado".[12]

De entrada, es preciso subrayar que no es necesario que exista un apartado de definiciones de los elementos de un delito en particular. Ello obedece a que "la claridad que deben tener las leyes penales sobre los elementos constitutivos de delito no equivale a que estén exentas de interpretación judicial". *Pueblo v. Reyes Carrillo*, *supra*, pág. 1065. Por tanto, los tribunales daremos a "toda ley penal la interpretación que mejor responda a los propósitos que esta persigue". *Íd.* págs. 1065-1066. Cónsono con este principio, el propio Código Penal, en su Artículo 12, dispone que "[l]as palabras y frases se interpretarán según el contexto y el significado sancionado por el uso común y corriente". 33 LPRA sec. 5012.

Ahora bien, el Peticionario sostiene que las palabras "derecho", "justicia", "hacer" y la frase "recurrir a la autoridad pública" son conceptos vagos que están presentes en el Artículo 274 del Código Penal, *supra*, por lo cual, no ofrecen un aviso adecuado a la ciudadanía de la conducta prohibida. El Tribunal Supremo de Puerto Rico ha establecido que a la hora de evaluar si una ley es vaga, es necesario realizar un análisis "adecuado del texto de la ley a la luz del significado jurídico de las palabras, utilizando precedentes judiciales que hubiesen interpretado el texto". *Pueblo v. APS Healthcare of P.R., supra*, pág. 378. Si una vez realizado tal análisis, "una persona de inteligencia promedio no queda debidamente advertida de la conducta proscrita, el estatuto infringe derechos fundamentales o se presta a la aplicación arbitraria y discriminatoria por no ofrecer guías adecuadas." *Íd.*

Con este marco jurídico en mente, al efectuar el correspondiente análisis, somos del criterio de que el Artículo 274

---

[12] Véase, SUMAC TA, Entrada 1, pág. 8.

del Código Penal, *supra*, contiene un lenguaje **que avisa de forma concreta a una persona de inteligencia común la conducta prohibida**. Todas las palabras que se encuentran presentes en el mencionado Artículo, incluyendo aquellas que el Peticionario identifica como vagas, son palabras de uso común en nuestra sociedad. De igual forma, es preciso destacar que la aludida conducta prohibida ha estado proscrita desde décadas. Tan es así que el Artículo 274 del Código Penal, *supra*, "mantiene la redacción del artículo 279 del Código de 2004, que procede del Artículo 230 del Código de 1974". D. Nevares Muñiz, *op. cit.*, pág. 424.

Cónsono con lo antes expuesto, nuestro ordenamiento jurídico ha discutido el término *tomar la justicia por sí mismo* por parte de un ciudadano en diversas determinaciones. A manera de ejemplo, en *Don Quixote Hotel v. Tribunal Superior*, 100 DPR 19, 27 (1971), el Tribunal Supremo de Puerto Rico expresó que "[t]omarse la justicia por la mano equivale a volver al estado primitivo de la jungla". De igual forma, en *Vélez Cuebas v. Cancel*, 88 DPR 220, 228 (1963) nuestro más Alto Foro resolvió que una parte no podía recurrir de "la odiosa práctica de tomarse la justicia en sus manos aunque se pueda hacer sin emplear violencia ni fuerza y sin provocar o iniciar una alteración de la paz". En armonía con lo anterior, en *Mejías v. López* 51 DPR 21, 26 (1937) nuestra más Alta Curia dispuso lo siguiente:

> Si la demandante no cumplió el contrato que celebrara con la demandada, ésta tenía en la propia ley sobre ventas condicionales un remedio adecuado. La sección 40 de esa ley da al vendedor condicional el medio legal para recuperar la cosa vendida. **Pero la falta de cumplimiento no la autorizaba a tomarse la justicia por su mano**, a violar el **hogar de la demandante que estaba obligado a respetar de acuerdo con la ley y a apoderarse de la cosa vendida en la forma violenta**, ostensible y desconsiderada que se alega en la demanda (Énfasis nuestro).[13]

---

[13] El Tribunal Supremo de Puerto Rico ha emitido varias expresiones persuasivas en torno al rechazo de tomarse la justicia por sí mismo. En *Andino Torres, Ex parte*, 152 DPR 509, 510 (2000) en el voto de inhibición del Juez Asociado Rivera Pérez, se desprende la siguiente expresión: "[e]n la medida en que los ciudadanos confíen en la integridad, honestidad e imparcialidad de quienes tienen la noble encomienda de impartir justicia, se mantiene la fe en este sistema, evitando el

De igual forma, la frase *tomar la justicia por sí mismo* o *tomar la justicia en sus propias manos* ha sido utilizada por nuestro Tribunal Supremo en otras circunstancias fuera del ámbito penal. Por ejemplo, en *Miranda Cruz v. S.L.G. Ritch*, 176 DPR 951, 968 (2009) al discutir la figura del interdicto posesorio, nuestra más Alta Curia expresó que "la protección interdictal de la posesión pretende evitar que las personas se tomen la justicia por su propia mano". *Miranda Cruz v. S.L.G. Ritch*, 176 DPR 951, 968 (2009). Asimismo, en *Nieves Huertas v. ELA I*, 189 DPR 611, 612 (2013) (Sentencia), en el contexto de una controversia relacionada a la impugnación de varios nombramientos de la Rama Ejecutiva, el Tribunal Supremo de Puerto Rico destacó la siguiente cita:

> La confianza del Pueblo en su Judicatura es indispensable para nuestra vida en sociedad. En nuestra democracia, el pueblo necesita sentirse confiado en que cuenta con una Rama Judicial eficiente a la cual llevar sus controversias y reclamar sus derechos. **El pueblo necesita sentirse confiado en que no hay necesidad de tomar la justicia en sus manos.** Siendo así, un ataque a la confianza en la Rama Judicial es un ataque a la convivencia pacífica y ordenada en nuestro país. —Hon. Federico Hernández Denton, Juez Presidente, 173ra Asamblea del Colegio de Abogados de Puerto Rico, 7 de septiembre de 2013. (Énfasis suplido y citas omitidas)

Como se puede apreciar, durante décadas, en nuestro ordenamiento jurídico se ha prohibido consistentemente el que un ciudadano tome la justicia en sus propias manos. Ello ha sido así, pues el propósito de prohibir dicha actuación es preservar la paz social, ya que es el Estado quien ostenta la autoridad jurisdiccional de impartir y administrar la justicia. D. Nevares Muñiz, *op. cit.* Por tanto, ante una lectura somera del Artículo 274 del Código Penal, *supra*, se desprende con claridad que aquellas personas que deseen que se imparta justicia, **deberán hacerlo por medio de las**

---

inmenso riesgo de que tomen la justicia en sus propias manos."

Véase, además, *Pueblo v. Santiago Feliciano*, 139 DPR 361, 434 (1995) (Op. Disidente J. Rebollo López); *Pueblo v. Molinari Such*, 137 DPR 664, 682 (1994) (Op. Concurrente J. Rebollo López); *Pérez Reilly v. Club Deportivo Ponce, Inc.*, 126 DPR 837, 841 (1990) (Op. Disidente J. Rebollo López).

**autoridades competentes,** pues de hacerlo ellos mismos, incurrirían en delito.

A tono con los fundamentos antes esbozados, somos del criterio de que el Artículo 274 del Código Penal, *supra,* no sufre de vaguedad, por lo cual no procede declarar su inconstitucionalidad. Por tal motivo, cónsono con los criterios que guían nuestra discreción, determinamos expedir el auto de *certiorari* y confirmar el dictamen recurrido.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* presentado y **confirmamos** la determinación recurrida.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones